IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| JAMES RAY CORBETT, JR., )<br>#280660, )<br>   )<br>   Plaintiff, )<br>v. )<br>   )<br>LT. TIM HAGER; DET. GREG )<br>MAGGART; DET. EDDIE )<br>STRAIT; KEVIN BRACKETT; )<br>LISA COLLINS; AND JOHN )<br>DOE; )<br>   )<br>   Defendants. **)**<br>_____**)** | Civil Action No. 0:05-3537-HMH-BM<br><br>**REPORT AND RECOMMENDATION** |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, who during the relevant time period was a pretrial detainee at the York County Detention Center, alleges violations of his constitutional rights by the named Defendants.

The Defendants filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on June 21, 2006. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on June 23, 2006, advising Plaintiff of the importance of a motion for summary judgment and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion may be granted, thereby ending his case. However, notwithstanding the specific warning and instructions contained in the Court's Roseboro order, and despite having been granted an extension of time, Plaintiff failed to ever file any response

1



to the Defendants' motion for summary judgment, which is now before the Court for disposition.[1]

## **Background and Evidence**

Plaintiff alleges in his verified Complaint[2] that on October 19, 2002 he was arrested in El Paso, Texas for outstanding warrants in York County, South Carolina, at which time he consented to have his hotel room searched by El Paso authorities. Plaintiff alleges that all of his personal belongings in the hotel room were confiscated by the El Paso authorities, including cash, jewelry, clothes, a cell phone, video games, music CDs, and personal documents and pictures, and that when Plaintiff was extradited to York County, El Paso authorities turned over all of these personal belongings to the York County Sheriff's Department. Plaintiff alleges that he inquired with the Sheriff's Department as to when he would be permitted to have his personal belongings returned to him so that his family could pick them up, and was informed that his property would be held until such time as authorities could determine if any of this property would be used as evidence in his pending trial.

Plaintiff alleges that his case was resolved on April 10, 2003, but that his personal property has never been returned, nor has he been compensated for this property. Plaintiff alleges that he has inquired several times about this property, but has been informed that the Sheriff's

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendants have filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[2] In this Circuit, verified complaints by pro se prisoners are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). Plaintiff has filed a verified Complaint. Therefore, even though Plaintiff failed to file a response to the motion for summary judgment, the undersigned has considered the factual allegations set forth in the verified Complaint in issuing a recommendation in this case.

2



Department no longer has his property. Plaintiff argues that he has been deprived of his personal property without due process of law, and seeks monetary damages from the named Defendants.[3] See generally, Verified Complaint.

In support of summary judgment in the case, the Defendant Kevin Brackett has submitted an affidavit wherein he attests that he is the Deputy Solicitor of the Sixteenth Judicial Circuit, and that he was the chief prosecutor of murder and kidnapping indictments against the Plaintiff. Brackett attests that, at the time of Plaintiff's arrest, he and four other persons were occupying a hotel room in El Paso, Texas, at which time El Paso police officers seized evidence, clothing, personal affects, and personal property from the hotel room and thereafter provided certain evidence, clothing, personal affects and personal property to the Defendant Tim Hager, a Lieutenant with the York County Sheriff's Department, along with documents to establish the chain of custody of this evidence. Brackett further attests that this certain evidence was placed in the possession and custody of an evidence officer with the York County Sheriff's Department, and was never in the possession, custody or control of the Sixteenth Judicial Circuit Solicitor's Office, nor has he [Brackett] ever had possession, custody or control of the personal property or affects of the Plaintiff.

Brackett attests that during the course of preparing for Plaintiff's murder and kidnapping trial, he went to the evidence room of the York County Sheriff's Office and viewed the

---

[3]As originally filed, the Complaint in this action listed only one Defendant: the York County Sheriff's Department. Since this entity enjoys immunity from suit under 42 U.S.C. § 1983 as an arm of South Carolina State Government; Cromer v. Brown, 88 F.3d 1315 (4th Cir. 1996); Plaintiff was given the opportunity to substitute appropriate party Defendants, and in responding to special interrogatories, Plaintiff named the individuals set forth in the caption of this action as being the people who caused the damages for which he seeks recovery. In an order issued February 1, 2006 authorizing service of this action, the Clerk was directed to list these individuals as the party Defendants in this case.

3



evidence, which review took place within the York County Sheriff's Office and under the supervision of an evidence custodian of the York County Sheriff's Office. Brackett attests that no evidence, clothing, personal affects or personal property of the Plaintiff was removed from the Sheriff's Office. Brackett attests that Plaintiff ultimately pled guilty to the charges, and it was therefore not necessary to introduce any of his personal property or affects into evidence.

Brackett also attests that, although he has never been in possession of Plaintiff's personal property, the Solicitor's Office for the Sixteenth Judicial Circuit has requested that the Evidence Officer of the York County Sheriff's Office maintain and hold evidence in murder cases after guilty pleas and convictions in order to preserve the evidence in the event of appeals, applications for post-conviction relief, petitions for writ of habeas corpus or other legal proceedings. See generally, Brackett Affidavit.

The Defendant Lisa Collins, who during the time at issue was an Assistant Solicitor in the Office of the Solicitor for the Sixteen Judicial Circuit, has submitted an affidavit wherein she attests to the same facts as Brackett. See generally, Collins Affidavit.

Defendant Greg Maggart has submitted an affidavit wherein he attests that during the relevant time period he was employed at the York County Sheriff's Department, and that he recalls that the El Paso Police Department shipped several boxes containing evidence, clothing and other items of personal property to the York County Sheriff's Office. Maggart attests that he has reviewed the York County Sheriff's Office evidence and property inventory control sheet, a copy of which is attached to his affidavit as Exhibit A, and that on February 4, 2003 he transferred the evidence shown on the inventory sheet as items 1-8 to the evidence locker.

Maggart attests that personal property belonging to Hillary Rosendall, one of the

4



individuals who occupied the same El Paso hotel room as the Plaintiff, was returned to her mother on December 16, 2002, but that items belonging to the Plaintiff, which had evidentiary value, were retained to be used as evidence against the Plaintiff in his trial. Maggart attests that he did not take, use or dispose of funds, personal property, clothing, jewelry, or any other possessions of the Plaintiff, and that he has no information or knowledge that any officer of the York County Sheriff's Department or attorney or employee of the Solicitor's Office used or disposed of any personal possessions or personal property of the Plaintiff. Maggart further attests that several of the persons charged in connection with the matters for which Plaintiff was arrested and indicted were also returned to York County, and that he does recall that some of these persons were brought from the York County Detention Center to the York County Sheriff's Office to view and claim clothing, personal property and personal affects which had no evidentiary value. See generally, Maggart Affidavit, with attached Exhibit.

The Defendant Eddie Strait has provided an affidavit wherein he attests that he is a Detective with the York County Sheriff's Department. Strait attests that he was not the evidence officer at the York County Sheriff's Office, and that he has never been in possession of the personal property and belongings seized by the El Paso Police Department and transmitted to York County. Strait further attests that he has no information or knowledge that any officer or employee of the York County Sheriff's Department took, used or appropriated any money, personal property or personal belongings of the Plaintiff, and that he is not aware of any act or omission on his part which would support a suit against him by the Plaintiff. See generally, Strait Affidavit.

Finally, the Defendant James T. Hager [shown as "Tim Hager" in the caption] has submitted an affidavit wherein he attests that he is a Lieutenant in the Detective Division of the York

5



County Sheriff's Department. Hager attests that the Detective Division was involved in an investigation of a decomposed body found in York County, and that upon investigating the case it was determined that the Plaintiff may have been involved in the commission of the crimes of murder, kidnapping, and other offenses. Hager attests that the Sheriff's Department developed information that Plaintiff might be in El Paso, Texas, and that the El Paso Police Department located the Plaintiff and four other subjects in a hotel room. Hager attests that he received an inter-office memorandum from Michael Velez of the El Paso Police Department as well as bulk evidence and some personal property, copies of which are attached to Hager's affidavit as Exhibit A. Hager further attests that he received a Department Chain-of-Evidence form, attached to his affidavit as Exhibit B, showing that a handgun, three ammunition magazines, and a bag with six loose live cartridges were recovered as a result of the search conducted by the El Paso Police Department.

Hager attests that the El Paso Police also transmitted a Chain-of-Evidence form to him with an evidence envelope with five sheet protectors containing potential trace evidence, one pair of stainless steel handcuffs, one 2-way radio from the trunk of a vehicle, one multi-tool knife, one envelope with a single 9 mm. live cartridge, one evidence bag with two ammunition magazines, one evidence bag with a black handled buck knife, one 2-way radio from under the driver's seat of the vehicle, and one bag with miscellaneous jewelry from the vehicle's interior, this Chain-of-Evidence form being marked "Group B" from the El Paso Police Department, and attached to Hager's affidavit as Exhibit C.

Hager attests that the El Paso Police Department transmitted another Chain-of-Evidence form (Group C) which included five white envelopes with collection blood samples, ceiling upholstery, driver side visor, red stain on ceiling, and vanity mirror cover, which is attached

6



as Exhibit D to his affidavit. Also transmitted was a Chain-of-Evidence form (Group D) containing two large evidence bags with the contents of the trunk of a vehicle including papers, bottles, clothing, upholstery, etc.; two bags with trunk contents (miscellaneous papers), and three bag of miscellaneous contents containing books, clothes, papers, etc., a copy of which is attached to Hager's affidavit as Exhibit E.

Hager attests that the El Paso Police Department also transmitted to him a Chain-of-Evidence form (Group E) related to a bag of clothing and shoes worn by the Plaintiff, a copy of which is attached to his affidavit as Exhibit F. Also transmitted was a Chain-of-Evidence form (Group F) for two CD holders, one bag with two T-shirts, one bag with a watch, and one bag with a cell phone, which is attached to his affidavit as Exhibit G. Also transmitted was a Chain-of-Evidence form for two duffle bags containing miscellaneous clothing, attached to his affidavit as Exhibit H.

Hager attests that the El Paso Police Department further transmitted funds in the amount of $398.00, as shown by the records of the York County Detention Center and attached to his affidavit as Exhibit I, and which was deposited into the Plaintiff's inmate account at the York County Detention Center. Hager attests that Plaintiff used some of the funds from this account while detained at the Detention Center until his conviction for murder and subsequent transport to the Department of Corrections. Hager attests that a copy of Plaintiff's account while he was detained at the York County Detention Center is attached to his affidavit as Exhibit J. Hager attests that the balance of this account, containing the sum of $307.12, was released to the Department of Corrections, as is shown by Exhibit K attached to his affidavit.

Finally, Hager attests that items of personal property, including an identification card,

7



miscellaneous papers, a brown leather belt, brown shoe strings, a blue scarf, green jumper pants, underwear, and tennis shoes were released to the Plaintiff, as is shown by his signature on the receipt form for these items, attached to Hager's affidavit as Exhibit L.

Hager attests that the items which contained evidence and the other items of personal property were placed in a locked room at the York County Sheriff's Department, which is used as an evidence room in the custody of the Evidence Officer, that the other four occupants of the hotel claimed and were given their items of clothing, personal affects and personal property, and that the items listed on the receipt signed by the Plaintiff were given to him. Hager attests that the money owned by the Plaintiff was transmitted to the Sheriff's Department and deposited in Plaintiff's inmate account, where it was available for his use. Hager further attests that, except for the sum of $398.00 (deposited into Plaintiff's account) and the items of clothing and personal property described in the receipt signed by the Plaintiff, and the items of evidence which were placed in the custody of the Evidence Officer (described on Exhibit M), he has been unable after diligent search to locate the other items of personal property claimed by the Plaintiff.

Hager attests that, following Plaintiff's conviction, the remaining funds were transferred to the Department of Corrections, while items transmitted to the Sheriff's Department which had evidentiary value were retained and used as evidence against the Plaintiff. Attached to Hager's affidavit as Exhibit N is the El Paso Police Department Supplement report relating to all of the suspects. See generally, Hager Affidavit, with attached Exhibits.

## **Discussion**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that

8



there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P.  The moving party has the burden of proving that judgment on the pleadings is appropriate.  Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P.   Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

After careful review of the affidavits and other evidence provided to this Court, as well as the allegations contained in Plaintiff's verified Complaint, the undersigned finds and concludes that the Defendants are entitled to summary judgment in this case.  In order to proceed with this claim under § 1983, Plaintiff would have to present sufficient evidence to create a genuine issue of fact as to whether any named Defendant improperly deprived him of his personal property pursuant to an official policy of the York County Sheriff's Department and/or the Office of the Solicitor of the Sixteenth Judicial Circuit.  Beck v. LaFleur, 257 F.3d 764, 765 (8th Cir. 2001) [Complaint dismissed where Plaintiff failed to identify policies of which he complained or how the Defendants were responsible for taking his property for their own personal gain pursuant to those policies]. Plaintiff has presented no such evidence.  Rather, Plaintiff merely alleges in his Complaint that certain personal property (identified only in the most general of terms) has not been returned



to him since the disposition of his case. In contrast, the Defendants have provided affidavits as well as other documentary evidence showing specifically what property was obtained as a result of the search of Plaintiff's hotel room, and what has happened to that property, including what property has been returned to the Plaintiff.

There is no evidence that the Defendants Collins and Brackett, who work for the Solicitor's Office, ever had possession or control over Plaintiff's personal property,[4] nor is there any evidence in the materials submitted to this Court to show that any other named Defendant has deprived the Plaintiff of any of his personal property pursuant to any official policy of the Sheriff's Department without due process . See Lawrence v. Swanson Inmate Commissary Services, No. 97-6429, 1998 WL 322671 (4th Cir. June 4, 1998) [deprivation claims as a result of negligence fail to set forth a claim of constitutional magnitude]; *cf.* Davidson v. Cannon, 474 U.S. 344, 347 (1986); Daniels v. Williams, 474 U.S. 327, 331 (1986). Even if this Court construes Plaintiff's Complaint as alleging that his personal property was lost or mishandled by one or more of the named Defendants, such conduct does not amount to a constitutional claim. Plaintiff has available state court remedies to pursue such a claim; see S.C.Code Ann. § 15-69-10, et. seq.; and because South Carolina has an adequate post-deprivation remedy for an alleged deprivation of property, Plaintiff's due process rights were not violated, even if it is assumed one or more of the named Defendants lost or mishandled his personal property. Hudson v. Palmer, 468 U.S. 517-520 (1984) [The intentional

---

[4]In any event, it is clear that both Brackett and Collins have been named as Defendants in this case by virtue of their conduct as the prosecutors in Plaintiff's case. As such, they have absolute immunity for any prosecutorial acts performed within the scope of their duties. Imbler v. Pachtman, 96 S.Ct. 984, 991-992 (1976); see Pachaly v. City of Lynchburg, 897 F.2d 723 (4th Cir. 1990); Carter v. Burch, 34 F.3d 257 (4th Cir. 1994); Weller v. Dept. Of Social Services for the City of Baltimore, 901 F.2d 387 (4th Cir. 1990); Springmen v. Williams, 122 F.3d 211 (4th Cir. 1997).

10



or negligent deprivations of personal property by a prison employee acting outside the scope of official policy of custom does not rise to the level of a constitutional violation, so long as the state provides an adequate post-deprivation remedy]; McIntyre v. Portee, 784 F.2d 566-567 (4th Cir. 1986); see also Ricci v. Paolino, No. 91-1994, 1992 WL 63521 at **2 - **3 (1st Cir. April 1992); Wagner v. Higgins, 754 F.2d 186, 192 (6th Cir. 1985) [since plaintiff had a state law claim, there was no § 1983 claim where property allegedly retained as evidence was allegedly lost]; Marsh v. Land, No. 03-5977, 2004 WL 2442088 at *7 (E.D.Pa. Oct. 27, 2004) [Plaintiff could not proceed under § 1983, where she had an adequate state law remedy for seized property that had been destroyed]. *Cf.* Longmoor v. Nilsen, 329 F.Supp. 289 (D.Conn. July 23, 2004); DeShaney v. Winnebago County Dep't of Social Servs., 489 U.S. 189, 200-203 (1989); Daniels v. Williams, supra [Jailers may owe a special duty of care to those in their custody under state tort law,...but...we reject the contention that the Due Process Clause of the Fourteenth Amendment embraces such a tort law concept]; Baker v. McClellan, 443 U.S. 137, 146 (1976) [§ 1983 claim does not lie for violation of state law duty of care]; Paul v. Davis, 424 U.S. 693, 697 (1976).  Therefore, this case should be dismissed.

## Conclusion

Based on the foregoing, it is recommended that the Defendants' motion for summary judgment be **granted**, and that this case be **dismissed**.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina
November 13, 2006

11



**Notice of Right to File Objections to Magistrate Judge's Report and Recommendation**
**&**
**The Serious Consequences of a Failure to Do So**

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. \* \* \* This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. \* \* \* We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. \* \* \* A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd. Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections. See Wright, supra,; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

12

